AUGUSTUS KNOX, Appellant, *v.* THE NEW YORK, LAKE ERIE AND
    WESTERN RAILROAD COMPANY, Respondent.

*Negligence — a railroad brakeman injured by timber loaded on a passing train coming loose — an accident impossible to be anticipated.*

On the trial of an action brought against a railroad company by a brakeman to recover the damages resulting from a personal injury received in the employment of the company, the evidence was to the effect that the plaintiff was riding in the caboose of a freight train, in his regular service, and was injured by a crosspiece or "bolster" (which was placed on the top of lumber on a car of a passing train, and supported pieces of timber longer than a single car) coming loose and being forced into the caboose; that the use of these bolsters was a usual and proper way of loading long timbers, to afford play on curves; that the lumber cars were in good order and the timber properly loaded thereon, and that it had ridden more than 100 miles in safety; that the timber had been inspected shortly before reaching the place of the accident and was found to be secure, and that it remained so until within a few rods of the accident.

On appeal from a judgment dismissing the complaint,

*Held,* that the evidence showed that the injury was the result of an accident which could not have been anticipated, and was not chargeable to negligence, and hence, that the complaint was properly dismissed.

One witness said he thought there were too many crosspieces on the lumber cars, that they were too long for the cars, and liable to work out.

*Held,* that such an opinion was insufficient to sustain a verdict for the plaintiff.

APPEAL by the plaintiff, Augustus Knox, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of Orange county on the 26th day of January, 1885, upon a dismissal of the complaint at the Orange Circuit.

*O. P. Howell,* for the appellant.

*Lewis E. Carr,* for the respondent.

DYKMAN, J.:

This is an appeal from a judgment dismissing the complaint of the plaintiff at the close of the testimony on his part upon the trial.

The action is for the recovery of damages for personal injuries. The plaintiff was in the service of the defendant as a brakeman and oilman. On the day of the accident he was upon a freight train going west, in his regular service. He was in the caboose at the rear of the train, and between Otisville and Howels his train met a

freight train eastward bound, and on the left of his train. These trains met on a curve to the right going west, and to the left going east.

The cars in the train going east were loaded, and among them were two cars loaded with lumber and timber of different lengths.

The short lumber was loaded on each car, and on the top were long timbers, longer than either car, and they extended from one car to the other, resting partly upon both. Upon the top of the short timber on each car a piece of timber called a bolster was laid crosswise of the car. The office of the bolsters was to enable the long timbers to yield to the motion of the two cars without disarranging the timber below, as they rounded the curves of the railroad. Upon each side of the two cars there were three or four stakes set in pockets, extending above the top of the lumber, and across each car, above the lumber, there were two or more stay boards nailed to the stakes on each side.

These lumber cars were loaded at Lanesborough, and came west over the Delaware division of the railroad over 100 miles. They were examined at Port Jervis by the conductor, and found to be in good order, and the lumber and timber continued in its place until the trains met, when about ten cars' length from the caboose in which the plaintiff was riding, the bolster on the forward car of the two worked out, struck the caboose, broke three of the stakes on the forward car, and broke the stay boards from their fastenings, and was forced into the caboose, struck the plaintiff, and inflicted the injuries for which he sues.

It is to be observed at the outset that there is no proof of defects, imperfection or insufficiency in these lumber cars or any of their appendages, or of a failure on the part of the company to provide a proper system and competent men for the inspection of the cars after they were loaded, and there is no point made by the appellant on this appeal respecting the absence of such system or such men.

It does appear, however, that these lumber cars were inspected at Port Jervis.

There was proof that the cars were properly loaded and in the usual manner, although one witness said he thought there were too many crosspieces, and that they were too long for the cars, and liable to work out.

Such an opinion was insufficient to sustain a verdict for the plaintiff.

The case, therefore, stands thus : The cars were safe and free from defects and imperfections. There was no proof of failure to provide a suitable system of inspection and competent agents to make the same. Presumptions of negligence cannot be indulged to impose liability. It must be established by competent evidence, produced by the plaintiff in all actions of this character.

The failure to detect the error in loading the cars, if there was any, and the failure to rectify the mistake, was the negligence of a fellow servant, and not the fault of the defendant.

Our examination has failed to detect any negligence on the part of any one. The cars were in good order, the timber was properly loaded, and rode more than 100 miles in safety. It was inspected at Port Jervis, and found to be secure and unmoved, and remained so until within a few rods of the accident, when one of the bolsters worked loose while the train was rounding a curve.

The device of a bolster to afford play room for the long timbers as the cars went round the curves on the road, was evidently a practical idea, and all the witnesses say it was usual and proper.

The injury to the plaintiff was, therefore, the result of an accident which could not have been anticipated, and cannot be charged to negligence.

The judgment should, therefore, be affirmed, with costs.

BARNARD, P. J., and PRATT, J., concurred.

Judgment affirmed, with costs.